UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIELLE H.,[1]<br><br>    Plaintiff<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:18-cv-01438-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her applications for Disability Insurance Benefits ("DIB")[2] and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 11, 12] and briefs addressing disputed issue in the case [Dkt. 19 ("Pltf.'s Br."), Dkt. 22 ("Def.'s Br.")]. The Court has taken the parties' briefing

---

[1] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case.

[2] Plaintiff's Title II claim is for "Medicare Hospital Insurance Benefits for a Medicare Qualified Government Employee." AR 19; *see* 42 U.S.C. § 426(b). To qualify under the relevant provision, plaintiff must show that she qualifies for disability insurance benefits. 42 U.S.C. § 426(b)(2)(A)(i).

under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be affirmed.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On July 3, 2012 Plaintiff filed an application for Social Security Disability Insurance Benefits and, on July 29, 2014, she filed an application for Supplemental Security Income benefits. [Dkt. 15, Administrative Record ("AR") 221-229.] In both applications, Plaintiff stated that she became disabled and unable to work on May 22, 2014, due to a combination of physical and mental impairments.

After being denied initially and upon reconsideration, Plaintiff timely filed a request for hearing (AR 104-115, 116-127), after which a hearing took place before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. on March 1, 2017. [AR 73-103.]

The ALJ issued an unfavorable decision on June 16, 2017 (AR 19-30), in which the ALJ found Plaintiff to have severe impairments consisting of osteoarthritis and mood disorder. [AR 22.] While the ALJ found that none of Plaintiff's impairments met or equaled any of the listed impairments (AR 22), he nevertheless found Plaintiff to have a limited light residual functional capacity, specifically finding she is capable of:

> Lifting and/or carrying 20 pounds occasionally and 10 pounds frequently. She can stand and/or walk for two hours of an eight-hour workday, fifteen minutes at a time. She requires use of a cane to walk but not to stand. She has no limitations as to sitting except she must be able to stand and stretch for one minute, each hour. She cannot use foot pedals on the left. She is capable of non-complex, routine, and repetitive tasks and occasional interactions with public, coworkers and supervisors.

[AR 24.]

Applying this RFC, the ALJ found that Plaintiff had no past relevant work, but she could perform other work as an assembly person (Dictionary of

Occupational Titles ("DOT") 729.687-010), inspector (DOT 529.587-014), and office helper (DOT 239.567-010).  Thus, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.  [AR 30.]

Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision.  [AR 1-5.] This appeal followed.

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.  The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

### IV.   DISCUSSION

The sole issue in dispute is whether the ALJ satisfied his burden at Step Five when he found that Plaintiff was able to perform other work.  Plaintiff contends that her RFC prevents her from performing the jobs that the vocational expert ("VE") identified at the administrative hearing.  More specifically, Plaintiff argues that she is precluded from working as an inspector, assembler, or office helper because the limitation that she needs a cane to walk is incompatible with the light work job requirements that she frequently carry 10 pounds or walk for two hours in an eight-

3

hour work day. According to Plaintiff, common-sense dictates that she "cannot perform [the] three jobs identified because of her inability to use her other hand to carry things when using a cane to ambulate." (Dkt. 19 at 6.)

At step five, the ALJ has the burden of establishing, through the testimony of a VE or by reference to the Medical-Vocational Guidelines, that the claimant can perform alternative jobs that exist in substantial numbers in the national economy. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The Commissioner "routinely relies" on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); *see Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("[T]he best source for how a job is generally performed is usually the [DOT]."). Should an "apparent or obvious" conflict arise between a VE's testimony regarding the claimant's ability to perform alternative jobs and the DOT's description of those jobs, the ALJ must ask the VE "to reconcile the conflict" and must determine whether the VE's explanation is reasonable before relying on the VE's testimony. *Gutierrez v. Colvin*, 844 F.3d 804, 807-08 (9th Cir. 2016); *see also Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007) (stating that "neither the [DOT] nor the [VE] evidence automatically trumps when there is a conflict," and that the ALJ must determine whether a conflict exists, whether the VE's explanation for the conflict is reasonable, and whether a basis exists for relying on the VE rather than the DOT).

Here, the ALJ's reliance on the VE's testimony was not error for several reasons. First, at the hearing the ALJ specifically asked the VE to consider a hypothetical individual who "needs to use a cane to walk but not stand." [AR 100.] Responding to the ALJ's hypothetical question that specifically accounted for Plaintiff's limitations, the VE testified that such a person could perform work as an assembler (DOT No. 729.687-010) or inspector (DOT No. 529.587- 014). The VE then reduced the number of available inspector and assembler jobs by 90% "to

4

accommodate [Plaintiff's limitations including the need to] change positions and the [limitation to] standing and walking for only two hours." [AR 100-101.] The VE also testified that such a person could do work as an office helper (DOT No. 239-567-010) and, after eroding the occupational base by 50%, testified that would leave 1,900 jobs nationally. [AR 101.] The ALJ thus included the limitations resulting from Plaintiff's cane usage in his questions to the VE, and the VE testified that Plaintiff could perform the representative light duty jobs. While Plaintiff disagrees with the VE's testimony, the VE specifically reduced the number of available jobs by 50-90 percent to account for Plaintiff's cane usage. [AR 100-101.] The VE also indicated that her testimony was based on her individual knowledge of the positions which the ALJ was "entitled to rely on," and correctly did so here. *Gutierrez*, 844 F.3d at 809 (the ALJ was "entitled to rely on the expert's 'experience in job placement' to account for 'a particular job's requirements'").

Second, the Court rejects Plaintiff's argument that there is an apparent conflict between the use of a cane and light work. Plaintiff erroneously assumes that the light duty jobs identified in the VE's testimony, and adopted at Step Five of the ALJ's decision, require the use of two hands. However, the DOT descriptions for these positions do not specify that Plaintiff must use both hands while walking to perform the tasks associated with the positions. Therefore, "the ALJ did not need to inquire about an apparent conflict because no conflict between the VE and the DOT existed." *Ellis v. Colvin*, No. CIV 14-2417-PHX-MHB, 2016 U.S. Dist. LEXIS 5930, 2016 WL 212675, at *3 (D. Ariz. Jan. 19, 2016) (finding no conflict between an RFC allowing for the possible use of a cane and the DOT descriptions of light work jobs); *see also Dalke v. Astrue*, No. EDCV 10-01659-OP, 2011 U.S. Dist. LEXIS 62806, 2011 WL 2433457, at *3 (C.D. Cal. June 14, 2011) (finding no error where the RFC limited the plaintiff to use a cane "as needed" and the plaintiff failed to show that "the tasks associated with the electronics worker job require the use of two hands").

Finally, Plaintiff fails to provide a single case where a court has found that the use of a cane conflicts with the ability to do light work and there is ample authority in the Ninth Circuit affirming ALJ decisions that allow for the use of a cane and find the plaintiff is capable of light work. *See, e.g., Van Gilder v. Colvin*, No. CV 14-5909-SP, 2016 U.S. Dist. LEXIS 1865, 2016 WL 94228, at *10 (C.D. Cal. Jan. 7, 2016) *aff'd in part and remanded in part sub nom on other grounds*, *Gilder v. Berryhill*, 703 Fed. Appx. 597 (9th Cir. 2017) ("Plaintiff's RFC requiring use of a cane for distances greater than 100 feet also does not conflict with SSR 83-10's, 1983 SSR LEXIS 30 description of light work as requiring frequent lifting and carrying of objects weighing up to ten pounds."); *Anderson v. Astrue*, No. 11cv3021-LAB(KSC), 2013 U.S. Dist. LEXIS 38219, 2013 WL 1309442, at *11 (S.D. Cal. Feb. 27, 2013) ("[S]ubstantial evidence supports the ALJ's decision that plaintiff is not disabled and is capable of light work even if plaintiff uses a cane."); *Duarte v. Comm'r of Soc. Sec.*, No. 1:15-cv-01860-SAB, 2017 U.S. Dist. LEXIS 16500, 2017 WL 495645, at *10 (E.D. Cal. Feb. 6, 2017) ("The light RFC takes into account not only Plaintiff's ability to stand and walk, but also Plaintiff's abilities to lift objects. . . . Plaintiff is able to meet the exertional requirements of light work for standing and walking, because he is able to stand and walk for six hours, even though he has to use a cane or walker."). Accordingly, Plaintiff has not met her burden of proving the ALJ erred by adopting an RFC requiring her to use a cane for ambulation and finding she was able to do the light work jobs identified by the VE. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination" (*quoting Shinseki v. Sanders*, 556 U.S. 396, 409, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009))).

As such, the Court finds no conflict between the DOT and the VE's testimony that someone with Plaintiff's limitations can perform the jobs of assembler, inspector, or office helper. Because the ALJ did not err in finding Plaintiff could

perform the representative jobs, the ALJ's step-five finding does not warrant remand.

### V. CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS SO ORDERED.**

DATED: August 30, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE